BOYER, Chief Judge.
Appellant here appeals a conviction of possession of a firearm by a convicted felon and a resulting ten-year sentence.
On New Year’s day, 1975, appellant and Mrs. Brandon (a lady with whom he had been cohabiting since August of 1973) had an argument. Appellant hit Mrs. Brandon in the mouth in the presence of her nine-year-old son, Davey. -Davey ran out of the house screaming that he was going to call the police. Appellant instructed Mrs. Brandon to go get Davey. She did indeed go get Davey but she continued on to a local convenience store where the police were summoned. In her telephone call to the police, Mrs. Brandon informed them that appellant had hit her and that appellant was a convicted felon and had guns in a closet in the house. The evidence revealed that Mrs. Brandon had occupied the home for some six years prior to the time that she and appellant commenced living there. From August of 1973 until New Year’s day of 1975, the premises had been leased under the name of Mr. and Mrs. Silva. The “Mrs. Silva” was in fact Mrs. Brandon. After calling the police, Mrs. Brandon and Davey returned to the house where they waited on the front steps until the police arrived. Mrs. Brandon thereupon' discovered that the door was locked. In order to gain entrance she placed her hand through the jalousies and unlocked the door. The police *108 were admitted by Mrs. Brandon who told the police that appellant’s guns were located in a hall closet. Upon opening the door the police found a shotgun, rifle and pistol. At the trial, Mrs. Brandon testified that the hall closet in which the guns were found contained appellant’s tools, shoes, suitcase and clothes. She had occasion to go in the closet when she cleaned house and her little son Davey made frequent use thereof. However, none of Mrs. Brandon’s personal belongings were kept in the closet.
The only point presented on this appeal which merits our consideration is whether appellant’s constitutional right to immunity from unreasonable searches and seizures may be waived by consent of his spiteful mistress. Stated another way, could Mrs. Brandon, under the facts revealed by the evidence in this case, consent to the entry by the police into the home occupied by her and appellant and further consent to entry by the police into a closet in the home which contained appellant’s belongings only and which was not used (but was frequently entered) by appellant’s mistress, Mrs. Brandon. In support of his contention that a mistress may not give a valid consent when she was acting out of malice, appellant cites to us William Congreve, The Morning Bride, III, viii (1967): “Heaven has no rage like love to hatred turned, nor hell a fury like a woman scorned.” Citing more conventional authorities, appellant acknowledges that the recent decision of the Supreme Court of the United States in United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974), is closely analogous to the case at bar and does not aid his position. In that case the appellant Matlock was living with a Mrs. Graff in a home owned by Mr. and Mrs. Marshall. Mrs. Graff and Matlock shared an upstairs bedroom. Police who were investigating a bank robbery appeared at the Marshall home and were admitted to it by Mrs. Graff who consented to the search of the house, including the bedroom that she and Matlock jointly occupied. The bedroom and the one closet adjacent to the bedroom were searched and there was found therein a large sum of cash in a diaper bag. In that case the Supreme Court cited Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), for the proposition that warrantless searches may be supported by proof of voluntary consent if the consent was given by a third person who possessed common authority over, or sufficient relationship to, the premises sought to be inspected. Appellant sub ju-dice seeks to distinguish the Coolidge and Matlock decisions on the basis that the closet searched in this case was a hall closet over which Mrs. Brandon exercised no dominion, whereas in the Matlock case the closet was one which was commonly shared by Mrs. Graff and Matlock. Thus, appellant contends, the necessary element of dominion or control was present in Matlock but is lacking in the case sub judice. Appellant further argues that in the Matlock case Mrs. Graff harbored no hostility toward her lover, but in this case the evidence reveals that Mrs. Brandon consented to the closet search out of anger and spite. We do not adopt the distinctions so urged by appellant. The evidence reveals that the entire premises were leased by appellant and Mrs. Brandon and occupied by both. The fact that he had a closet and she had a closet is immaterial. She had unfettered access to the entire premises, as did her child. The fact that she was motivated by spite is also irrelevant.
We are not here confronted with any issue of agency. Mrs. Brandon was not appellant’s agent. She was a lessee of the subject premises with equal right of dominion and control.
We have carefully considered the other points raised by appellant and find them too to be without merit. Accordingly, the judgment and sentence appealed are
Affirmed.
*109 MILLS and SMITH, JJ., concur.